UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRELL B. CABARRIS,

                              Plaintiff,

                                                                     Case # 17-CV-6259-JWF

v.

                                                                        DECISION AND ORDER

KNIGHT TRANSPORTATION, INC. and
ETHAN B. DASHER,

                              Defendants.
_____

       In May 2017, Plaintiff and Defendants executed a "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," indicating that they "consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." ECF No. 5. On June 11, 2017, the Court Ordered this case "referred to a United States magistrate judge to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73." *Id.* As a result, this case was reassigned to United States Magistrate Judge Jonathan W. Feldman for all purposes.

       On July 21, 2017, the parties filed a one sentence stipulation that cited no legal authority and states: "PLEASE TAKE NOTICE that the parties hereby agree to withdraw the previously filed Notice, Consent and Reference of a Civil Action to a Magistrate Judge." ECF No. 7.

       Judge Feldman held a Fed. R. Civ. P. 16 conference with the parties on August 23, 2017. As the minute entry on the docket reflects, "[t]he parties discussed withdrawal from magistrate jurisdiction, and the Court advised that the parties must likely make a motion before a District Court Judge." ECF No. 9. Shortly after the conference, Judge Feldman provided the parties with five cases that address withdrawing a previously entered consent to magistrate judge jurisdiction.

       Instead of filing a motion, on August 28, 2017, Shannon R. Becker, as counsel for Defendants, faxed a letter to the Court, which the Court has docketed. ECF No. 11. Defense

counsel's letter requests that the Court resume handling of this case based upon the parties' stipulation. *Id.* Ms. Becker states that she is

> aware that under section 636(c), the reference can be withdrawn only by the district court, and "only for good cause shown on its own motion, or under extraordinary circumstances," those rulings involved cases where the Request to Withdraw is opposed by one party, which is not the case here. Instead, both parties agree to the withdrawal and request the withdrawal. As such, it is the undersigned's position that said request does not need to be made by way of motion since it is, instead, stipulated and agreed to by plaintiff.

*Id.*

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651 (KMW)(KNF), 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011). Indeed, there are only two avenues to undo a Section 636(c) consent and reference order. First, the Court – not the parties – may vacate the Order on its own motion, for good cause shown. Second, the parties may move the Court to vacate the Order, but only "under extraordinary circumstances." These requirements are plain from the text of the statute. *See* 28 U.S.C. § 636(c)(4) ( "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); *see also Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) ("Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'") The statute and the "extraordinary circumstances" requirement serve important policy purposes, as they prevent gamesmanship and judge shopping. *See, e.g., Washington v. Kellwood Co.*, No. 05 Civ. 10034 (SN), 2015 WL 8073746, at *1 (S.D.N.Y. Dec. 4, 2015) ("When a party comes to rue an adverse ruling, she cannot simply return to the district judge. The magistrate judge's authority is binding.")

Without any supporting authority, Defense counsel argues that the statutory requirements of Section 636(c)(4) should not apply to them, since the parties have stipulated to the requested relief. This proposition is meritless. Put simply, the parties may not circumvent the demanding statutory requirement of Section 636(c)(4) by stipulating around the statute. If either party believes they can demonstrate extraordinary circumstances to vacate the reference order, they are free to submit a motion under Section 636(c)(4). However, the parties should keep in mind that the "extraordinary circumstances" standard is a demanding one that will rarely be satisfied. *See Zerega Ave. Realty Corp.*, 2011 WL 70593, at *3 (denying a motion to vacate the reference to the magistrate judge and noting that the moving party cited no decision in which a movant satisfied the standard).

## CONCLUSION

The parties cannot stipulate around the statutory requirements and agree to vacate the order of reference to a magistrate judge. This case remains assigned to Judge Feldman for all purposes, in accordance with the reference order.

IT IS SO ORDERED.

DATED:     August 31, 2017
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court