UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRELL B. CABARRIS,
          Plaintiff,

     v.

KNIGHT TRANSPORTATION, INC., et al.,
          Defendants.

**DECISION AND ORDER**
17-cv-6259

## Preliminary Statement

Currently pending before the Court are four motions, three filed by the defendants and one filed by the plaintiff. Docket ## 25, 26, 32, 38. On April 24, 2018, the plaintiff filed a motion to compel discovery and to quash subpoenas. Docket # 25. That same day, the defendants filed a motion to strike/preclude testimony and exhibits. Docket # 26. On May 2, 2018, the defendants filed a motion for a protective order and to compel discovery and in opposition to the plaintiff's motion to compel. Docket # 32. On May 16, 2018, the plaintiff filed a response (Docket # 34) to the defendant's motion for protective order and to compel discovery (Docket # 32), but he did not respond to the defendants' motion to strike/preclude testimony and exhibits (Docket # 26). Oral argument was conducted before the undersigned on June 6, 2018. Docket # 36. This Decision and Order confirms the Court's rulings made on the record.

## Relevant Facts

This is a personal injury action stemming from a motor vehicle accident. See Compl. (Docket # 1-2). Plaintiff alleges that on January 19, 2016, the plaintiff, Darrel B. Cabarris ("Cabarris" or "plaintiff"), was driving his vehicle eastbound on I-90 when a tractor trailer truck operated by defendant Ethan B. Dasher ("Dasher"), who was employed by defendant Knight Transportation, Inc. ("Knight") (collectively "the defendants"), negligently and recklessly collided with Cabarris injuring him. See id. ¶¶ 13-17. The lawsuit was originally filed in Wayne County Supreme Court but was later removed by the defendants based on diversity of the parties. See Docket # 1.

## Discussion

**Plaintiff's Motion to Compel Discovery (Docket # 25):** Plaintiff is seeking responses to several discovery demands detailed below. Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Albino v. Glob. Equip. USA, Ltd., No. 6:14-CV-06519(MAT), 2017 WL 3130380, at *1 (W.D.N.Y. July 24, 2017) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,

2

351 (1978)). The Court has broad discretion in deciding a motion to compel discovery. See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). But discovery does not operate without limits and the Federal Rules require the Court to consider whether sought-after discovery, though relevant, is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). As will be explained below, plaintiff's motion is **granted in part and denied in part.**

1. Driver's Daily Logs and Zonar System Data: Plaintiff initially requested 90 days of Dasher's driver logs and zonar system data, but later limited the request to two weeks' worth of data. The defendants provided Dasher's driving logs from January 11, 2016 through January 19, 2016. Plaintiff is seeking the driver log information to ascertain whether Dasher was complying with the driving time limits and off-duty requirements mandated by federal regulations. See 49 C.F.R. § 395.3. Plaintiff contends that two weeks of driving records are relevant and discoverable and that the nine days of records produced by the defendants are insufficient. See Pl.'s Reply (Docket # 34). The Court agrees with the defendants that nine days of records are sufficient to determine whether Dasher was complying with the regulations, which mandate that a driver cannot drive more than 70 hours in any period of eight consecutive days. See 49 C.F.R. 395.3(b)(2).

The defendants state that they provided the same nine days of zonar system data, which provides GPS location information for Dasher's truck.  See Exs. B, C, D annexed to Def.'s Resp. (Docket ## 32-1, 32-2, 32-3).  However, at oral argument it became clear that this information had not been provided and defense counsel objected to turning it over on relevancy grounds.  This argument is meritless since the defendants have already turned over other information related to the location history of Dasher's truck and did not object to a question regarding location history at Dasher's deposition.  Accordingly, defendant shall provide zonar system data for the same nine days.

2.  Dasher's Personnel File:  Plaintiff seeks production of Dasher's "entire" personnel file.  The defendants object to production of the entire file because there is no claim in the case for negligent hiring, retention, or training.  See Def.'s Resp. (Docket # 32) at 3.  Plaintiff states in his reply brief that he "is entitled to information regarding the cause for [Dasher's] dismissal, any comments or documentation relating to the cause of the collision and any disciplinary measures [Knight] may have taken previously as this information speaks to the issue of liability and negligence of the defendant." Pl.'s Reply (Docket # 34).

Production of personnel files "is warranted only when the party seeking the information articulates a specific need for the

4

information." Gavenda v. Orleans Cty., 182 F.R.D. 17, 25 (W.D.N.Y. 1997). While the complaint does not allege negligent hiring, that does not mean relevant information may not be found in Dasher's personnel file. Information related to why Dasher was dismissed from his employment with Knight Transportation may be relevant to this lawsuit and is discoverable. Therefore, the defendants are directed to produce information contained in the personnel file related to Dasher's termination from employment, including the reasons for such termination.

3. Dasher's Employment Binder: Plaintiff claims that Dasher was given a "binder" containing rules and procedures for reporting accidents. The defendants contend, as with the personnel file, that this information is not relevant because no claim of negligent hiring, retention, or training has been made. I find that internal rules and regulations may be directly relevant to the actions Dasher did or did not take immediately following the accident. See Bailey v. Grand Trunk Lines New England, 805 F.2d 1097, 1102-03 (2d Cir. 1986) (finding that a district court's reliance on a railroad's violation of its internal rules as probative of negligence was proper). Accordingly, the defendants are directed to produce the employment binder that was in effect at the time of the accident. If defendants wish to claim that any of the documents in the binder are privileged, they shall submit a privilege log and the Court will review the documents *in camera*.

4. <u>Defendant Depositions</u>: Plaintiff noticed depositions of Duane Nickel, Dasher's supervisor at the time of the accident, and "the woman at [Knight's] safety department to whom [Dasher] reported the accident." Ex. I annexed to Pl.'s Mot. (Docket # 25-9). The defendants offered instead to produce Brett Sant, the Executive Vice President of Safety and Risk Management at Knight, "in order to avoid duplicative depositions and cumulative testimony from multiple witnesses on behalf of [Knight]." Def.'s Resp. (Docket # 32), at 4-5. The defendants argue they do not need to produce the deponents that plaintiff noticed and can instead choose to produce a different person.

Defendants cite no legal authority for their ability to unilaterally substitute another individual in place of someone who has been served with a valid deposition notice. Plaintiff did not notice these depositions under Rule 30(b)(6). It is clearly appropriate for plaintiff to depose the people with whom Dasher had direct contact during his employment with Knight and who he contacted immediately after the accident. The defendants must produce for deposition the witnesses requested by the plaintiff.

**Plaintiff's Motion to Quash Subpoenas (Docket # 25)**: The parties agreed at oral argument to hold the depositions of doctors Gargano and Holder who are the subject of this motion. Accordingly, this motion is **denied as moot**.

6

**Defendants' Motion to Strike Testimony and Exhibits (Docket # 26):** The defendants seek an order from the Court pursuant to Rule 37(c)(1) to strike or preclude Dasher's social media posts and his statements about those posts that were recorded at his deposition. Def.'s Mot. (Docket # 26) at 1. The basis for this request is that the social media posts were not previously disclosed to the defendants by plaintiff until four hours into the deposition of Dasher.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information." Coene v. 3M Co., 303 F.R.D. 32, 42 (W.D.N.Y. 2014). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." Id. (internal quotations and citations omitted). "The purpose of this rule is to prevent the practice of sandbagging an adversary with new evidence." Id. (internal quotations and citations omitted).

As previously noted, plaintiff chose not to file a response to this motion. During Dasher's deposition, counsel for both

parties discuss Dasher's social media posts.   See Deposition

Transcript (Docket # 26-1) at pages 168-180.   Plaintiff's counsel

represented to the Court that he "got" the social media posts the

night before the deposition; however, he chose not to immediately

disclose them to opposing counsel before the deposition commenced.

According to defense counsel, it was not until the middle of the

deposition that plaintiff's counsel marked the social media posts

as deposition exhibits and showed them to Dasher.   In one of the

Facebook posts, Dasher stated that he was "ok" but that the

accident "was my fault."   Ex. J annexed to Def.'s Mot. (Docket #

26-2).   Dasher denied that he admitted on social media that the

accident was his fault.   See Dep. of Ethan Dasher, pg. 174 (Docket

# 26-1).

Defense counsel alleges that plaintiff's counsel engaged in

improper "sandbagging" of opposing counsel.   See Docket #26 at

page 2.   Based on plaintiff's counsel's failure to timely notify

the defendants that counsel had obtained these social media posts,

the Court will preclude them from being affirmatively used by

plaintiff during the trial of this matter.   "[F]airness concerns

weigh against the kind of sandbagging involved when the moving

party sets up grounds for impeachment by using undisclosed

materials in an attempt to manufacture inconsistencies."   Gordon

v. Target Corp., No. CV142599DRHAKT, 2016 WL 7264531, at *4

(E.D.N.Y. Dec. 15, 2016) *quoting* Gardner v. Norfolk S. Corp., 299

F.R.D. 434, 438 (D.N.J. 2014). However, if defendant Dasher testifies at trial, plaintiff's counsel will be allowed to use the posts to impeach Dasher should he give testimony inconsistent with these social media posts. See Fed. R. Evid. 608(a).

**Defendants' Motion to Compel Discovery and for a Protective Order (Docket # 32):** Defendants seek an order compelling plaintiff to provide authorizations for Plaintiff's medical records, pharmaceutical records, and "non-privileged legal files of Habberfield and Kaszycki and Cellino & Barnes." Def.'s Mot. (Docket # 32), at 6. By letter dated September 12, 2018, defense counsel field a second motion to compel discovery again alleging that plaintiff has failed to return provided medical release forms. See Docket # 38. Plaintiff has failed to file a timely response to the letter motion. Accordingly, plaintiff is ordered to provide the demanded medical releases as previously directed by the Court to defense counsel forthwith. Failure to provide appropriate releases may result in sanctions or a preclusion Order relating to medical evidence.

Finally, defendants request a protective order pursuant to Rule 26(b)(2)(C)(i) shielding them from plaintiff's "repetitive, duplicative, cumulative, and unreasonable discovery demands." Def.'s Mot. (Docket # 32) at 2. Based on the rulings outlined herein, that request is **denied as moot.**

## Conclusion

For the reasons set forth above, plaintiff's motion to compel discovery (Docket # 25) is **granted in part and denied in part**; plaintiff's motion to quash subpoenas (Docket # 25) is **denied**; the defendants' motion to strike or preclude testimony and exhibits (Docket # 26) is **granted as set forth herein** and the defendants' motion to compel discovery and for a protective order (Docket # 32) is **granted in part and denied in part**. Defendants' Second Motion to Compel (Docket # 38) is **granted as set forth herein**. The parties shall meet and confer and provide a proposed final scheduling order to the Court no later than November 14, 2018.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    October 30, 2018
          Rochester, New York