UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRELL B. CABARRIS,
        Plaintiff,

                                        **DECISION AND ORDER**
v.                                        17-cv-6259

KNIGHT TRANSPORTATION, INC., et al.,
        Defendants.
_____

## Preliminary Statement

Currently pending before the Court is defendants' motion to compel documents responsive to their second supplemental request for production of documents. Docket # 44. Defendants request (1) "the full name and business address of the person(s) who accompanied plaintiff to his Independent Medical Examination ["IME"] by Dr. Leone on May 8, 2018" and (2) "copies of any handwritten notes, written report(s), video recordings and/or audio recordings taken and/or made by the person(s) who accompanied plaintiff to his Independent Medical Examination by Dr. Leone on May 8, 2018, regarding his Independent Medical Examination". Docket # 44-1 at 3. In plaintiff's December 19, 2018 letter to the Court, a copy of which was also sent without the enclosure to defense counsel, plaintiff named Deborah Sullivan, PT as the only person who accompanied plaintiff to his IME with Dr. Leone. For the following reasons, defendants' motion is **denied**.

1

## Discussion

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Work product doctrine protects from discovery any document containing the mental impressions of an attorney or third party that is prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(B).

The notes taken by Ms. Sullivan at the request of plaintiff's counsel are presently considered to be work product and not subject to disclosure unless and until Ms. Sullivan is designated as (or reasonably expected to become) a trial witness. <u>Barahona v. Continental Hosts, Ltd.</u>, 75 N.Y.S. 3d 818, 822 (N.Y. Sup. Ct. 2018) (holding that where plaintiff's counsel retained the individual who accompanied plaintiff to his IME to take notes during the exam and to be called as a witness, any documents prepared by the individual are prepared in anticipation of litigation and thus protected by work product doctrine).

Plaintiff shall determine whether to designate Ms. Sullivan as a trial witness within two weeks after receiving the transcript of the deposition of Dr. Leone. Should Ms. Sullivan be designated as a trial witness she may be deposed and her notes pertaining to the observations she made during the IME shall be disclosed to defense counsel.

## Conclusion

For the foregoing reasons, defendants' motion is **denied.**

**IT IS SO ORDERED**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: February 8, 2019
Rochester, New York